**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. _____

APR 22 2015

(To be supplied by the court)

JEFFREY P. COLWELL
CLERK

Sara M. Hartmann , Plaintiff,

v.

Douglas County District Court ,
Town of Castle Rock ,
Douglas County, CO ,
Castle Rock Police Dept. ,
Douglas County Sheriff's Ofc. ,
Little Police Department ,
Arapahoe County Sheriff's Ofc. ,
Douglas County School System , Defendant(s).
et. al.

(List each named defendant on a separate line.)

---

**COMPLAINT**

---

(Rev. 07/06)

## PARTIES

1. Plaintiff _Sara M. Hartmann_ is a citizen of _U.S.A. + CA_
who presently resides at the following address:
_1040 Bush Street #207, San Francisco CA 94109_

2. Defendant _Douglas County Dist. Ct._ is a citizen of _U.S.A. + CO_
who live(s) at or is/are located at the following address:
_4000 Justice Way #2009, Castle Rock, CO 80109_

3. Defendant _Town of Castle Rock_ is a citizen of _U.S.A. + CO_
who live(s) at or is/are located at the following address:
_100 North Wilcox Street, Castle Rock, CO 80104_

(Attach a separate page, if necessary, to list additional parties.)
* See attached page, please.

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:
① 28 U.S.C. §1441 (See Younger v. Harris, 401 U.S. 37 (1971); Winnebago Tribe of Neb. v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003)) — based on CO state ct finality on 4/22/15 via filed "Findings of Fact, Conclusions of Law, and Permanent Orders." ② 28 U.S.C. §1331 — federal, jurisdiction — b/c U.S. Constit'l matters exist. ③ Standing based on Bennett v. Spear, 117 S.Ct. 1154, 1161 (1997)

5. Briefly state the background of your case:

August 2011 was my first attempt at initiating divorce proceedings agst. Darren "Jed" Hartmann (hereinafter "Respondent") in the CO Douglas County Dist. Ct. (hereinafter "CODCDC"). Respondent's string of retaliatory actions stemming therefrom halted my capability to proceed in divorcing Respondent at that. Domestic abuse/violence has been an undercurrent in my divorce case — #12DR455 — throughout. Overcoming fear, I filed (unbeknownst to Respondent at the time) for a Dissolution of Marriage agst. him on 4/3/12. Our divorce proceedings were contentious from the onset. Pursuant to ongoing law violation and legal system collapse on the CO state level, I filed on 12/1/12 a federal claim concerning some matters contained herein. On 12/1/12 Magistrate B.N.Boland remanded my case #12-CV-03309 back to me mainly so I could cure listing my 2 kids as fellow plaintiffs w/out having lawyer representation & for failing to properly express fed. ct. jurisdiction. Accordingly, I cured all defects and refiled my federal case on 1/4/13. On 2/7/13, Senior Judge Babcock dismissed my case #12-CV-03309 primarily due to the federal ct. lacking subject matter jurisdiction over any of my claims b/c my case was traditionally a state-handled matter, plus the issues were still "pending" thus affording the state ct. the opportunity to remedy its fed. constitutional and otherwise actions/inactions. On 4/1/14 we had part 1 of case #12DR455 Perm. Orders Hrg., followed by an allegedly necessitated continuance onto 4/18/14 of the Perm. Orders Hrg. b/c Respondent's ct. appointed psychiatrist was not available to testify on 4/1/14. Respondent threatened my life on 4/18/14 forcing me to flee CO. On 4/22/14, case #12DR455 became uncontested & "final" pursuant to "Findings of Fact, Conclusions of Law, and Permanent Orders" filed and signed date. Since fleeing for divorce I have been evicted, homeless 4 times, the 3rd of which I was raped, and absolutely ruined in every way w/ inadequate support/anbursh

(Rev. 07/06)

4. Defendant Douglas County Judge Douglas County is a citizen of U.S.A. + CO
who is located at: 100 Third St., Castle Rock, CO 80104.

5. Defendant Castle Rock Police Dept. is a citizen of U.S.A. + CO
who is located at: 100 Perry St., Castle Rock, CO 80104.

6. Defendant Douglas County Sheriff's Ofc. is a citizen of U.S.A. + CO
who is located at: 4000 Justice Way, Castle Rock, CO 80109.

7. Defendant Douglas County Sheriff's Ofc. — Highlands Ranch is a citizen of USA + CO
who is located at: 9250 Zotos Drive, Highlands Ranch, CO 80129.

8. Defendant Littleton Police Dept. is a citizen of U.S.A. + CO
who is located at: 2255 West Berry Ave., Littleton, CO 80120.

9. Defendant Arapahoe County Sheriff's Ofc. is a citizen of U.S.A. + CO
who is located at: 13101 East Broncos Pkwy., Centennial, CO 80112.

10. Defendant Douglas County School System is a citizen of U.S.A. + CO
who is located at: 620 Wilcox St., Castle Rock, CO 80104.

11. Defendant Adventure Club Preschool is a citizen of U.S.A. + CO
who is located at: 2301 Woodlands Blvd., Castle Rock, CO 80104.

12. Defendant Lawton-Taylor Academy is a citizen of U.S.A. + CO
who is located at: 5760 East Otero Ave., Centennial, CO 80112.

13. Defendant Sand Creek Elementary School is a citizen of U.S.A. + CO
who is located at: 8898 South Maplewood Dr., Highlands Ranch, CO 80126.

14. Defendant Pine Grove Elementary School is a citizen of U.S.A. + CO
who is located at: 10450 Stonegate Pkwy., Parker, CO 80134.

15. Defendant Douglas County Child Protective Services is a citizen of U.S.A. + CO
who is located at: 4400 Castleton Court, Castle Rock, CO 80109.

16. Defendant Karlis Family Center is a citizen of U.S.A. + CO
who is located at: 1777 Kipling St., Lakewood, CO 80215.

17. Defendant Highlands Behavioral Health Services is a citizen of U.S.A. + CO
who is located at: 8565 South Poplar Way, Littleton, CO 80130.

18. Defendant State of CO c/o CO Atty Gen's Ofc. is a citizen of U.S.A. + CO
who is located at: 1300 Broadway, 10th Floor, Denver, CO 80203.

19. Defendant Judge Christopher C. Cross, Esq. is a citizen of U.S.A. + CO
who is located at: 7325 South Potomac St., Centennial, CO 80112 (Div. 14.)

20. Defendant Ret. Sn. Judge Donald W. Marshall, Esq., is a citizen of U.S.A + CO
who is located at: 574 Wenlock Ct., Castle Rock, CO 80104.

21. Defendant Judge Theresa Slade, Esq., (then Magistrate) is a citizen of U.S.A. + CO
who is located at: 4000 Justice Way, Castle Rock, CO 80109. (Div. 5)

22. Defendant Magistrate Frank Moschetti, Esq., is a citizen of U.S.A. + CO
who is located at: 7325 South Potomac St., Centennial, CO 80112. (Div. 25)

23. Defendant Magistrate Rebecca Moss, Esq., is a citizen of U.S.A. + CO
who is located at: 4000 Justice Way, #2009, Castle Rock, CO 80109. (Div. 7)

24. Defendant Judge Michael Spear, Esq., is a citizen of U.S.A. + CO
who is located at: 4000 Justice Way, Castle Rock, CO 80109. (Div. 8)

25. Defendant Judge Natalie Chase, Esq., is a citizen of U.S.A. + CO
who is located at: 4000 Justice Way, Castle Rock, CO 80109.

26. Defendant Clerk of the Court, Douglas County, is a citizen of U.S.A. + CO
   who is located at: 4000 Justice Way, c/o Cheryl Layne, Castle Rock, CO 80109.

27. Defendant Caroline C. Cooley, Esq., is a citizen of U.S.A. + CO
   who is located at: 103 Fourth St., Ste. #320, Castle Rock, CO 80104.

28. Defendant Caroline C. Cooley, LLC, D.B.A. Fourth Street Law, LLC, is a citizen of USA
   who is located at: 103 Fourth St., Ste. #320, Castle Rock, CO 80104.         + CO

29. Defendant Leyla Eraybar-Scott, Esq., c/o Fourth Street Law, LLC, is a citizen of U.S.A.
   who is located at: c/o Fourth Street Law, LLC, 103 Fourth St., Ste. #320, Castle Rock, CO    +CO
                                                                                         80104.

30. Defendant Susan L. Elkins, Esq., is a citizen of USA + CO
   who is located at: 107 Wilcox St., Ste. #100, Castle Rock, CO 80104.

31. Defendant James K. Townsend, Esq., c/o Ellmann & Ellmann, PC, is a citizen of USA
   who is located at: 333 Perry St., Ste. 309, Castle Rock, CO 80104.           +CO

32. Defendant Andrew Hamrick, Esq., is a citizen of U.S.A. + CO
   who is located at: Tschetter Hamrick Sulzer PC, 3600 S. Yosemite St. #828, Denver,
                                                          CO 80237.

33. Defendant Dr. Richard F. Grenhart, PsyD, is a citizen of U.S.A. + CO
   who is located at: 3601 South Clarkson St. #540, Englewood, CO 80113.

34. Defendant Dr. Parker T. Oborn, PsyD, is a citizen of USA. + CO
   who is located at: 3601 South Clarkson St., #540, Englewood, CO 80113.

35. Defendant Dr. Dee Brodbeck, PsyD, is a citizen of U.S.A. + CO
   who is located at: 308 Wilcox St., Castle Rock, CO 80104.

36. Defendant Janae Suzanne Love (Hartmann), c/o Jackson National Life
      (w/ CO and CA state fin. licensings)       is a citizen of USA. + CO
   who is located at: 7601 Technology Way, 6th Floor, Denver, CO 80237.

37. Defendant Vinton Dixon Hartmann, c/o Securities America Advisors, is a citizen
      (w/ CO and NE state fin. licensings)                          of U.S.A. + CO
   who is located at: 7200 South Alton Way, Ste. #A110, Centennial, CO 80112.

38. Defendant Donald Leonhard Hartmann, c/o Hartmann Financial Advisors, is a
      (w/ CO and NE state fin. licensings)                        citizen of U.S.A. + CO
   who is located at: 7200 South Alton Way, Ste. #A110, Centennial, CO 80112.
      (or) alternatively who is located at: 9984 Millrock Terrace, Parker, CO 80134.

39. Defendant Darren "Jed" Hartmann is a citizen of U.S.A. + CO
   who is located at: 9960 Millrock Terrace, Parker, CO 80134. (w/ CO fin. licensing)

**FIRST CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

1. Via the U.S Constitution's Doctrine of Incorporation principle-whereby the 14th Amendment mandates the Federal Constitution protective application governing state governments- Defendants, herein, have violated my First Amendment rights and guarantees. Specifically, the U.S. Constitution reads, "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." (emphasis added)

2. Through my case #12DR455, the State of CO via all Defendants, herein, has legally made it permissible for a court-appointed psychiatrist, who is an atheist (non-believer) to withhold my children from me and obstruct my parenting rights by deeming me delusional for my Christian beliefs regarding praying and having faith in a God/Holy Trinity that I cannot concretely and definitively prove ever actually existed or exists concerning this World. Defendants have violated my U.S. Constitutional right and freedom of Christian religious exercise by corroborating and condoning the aforementioned violative mentality/actions into law via my 4/22/14 Perm. Orders Decree.

3. Additionally, Defendants, herein, have "abridged" my freedom of speech, repeatedly, along with violating my federal Constitutional right to peacably assemble and to unconditionally petition the government for grievance redress.

4. Factually, since I filed for Dissolution of Marriage on 4/3/12, I – as Petitioner – have:
• been denied fundamental protections re: life, liberty, and property;
• been denied the opportunity to equitably and propoly defend myself, including but not limited to evidentiary matters;
• repeatedly been denied enforcement concerning Respondent's very own Perm. Civ. Prot. Order agst me to the severe detriment of myself and 2 minor kids;
• been denied law/court enforcement regarding the vast majority of proceeding's totality;
• been denied my right to petition the CODCDC for a hearing and/or otherwise;
• been denied the right/privilege to peaceably "assemble" on social media venues, specifically, and in any manner, without court condemnation/punishment; and
• been denied – repeatedly – the ability to properly defend myself;
• been denied my right to express and possess Christian beliefs.

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

1. Via the U.S. Constitution's Doctrine of Incorporation principle—whereby the 14th Amendment mandates Federal Constitution protective application concerning state governments—Defendants, herein, have violated my Fourth Amendment rights and protections. Specifically, the U.S. Constitution reads, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized," (emphasis added).

2. Through my case #12DR455, all Defendants, herein, either directly or indirectly endorsed via government action and/or inaction the improper, unjustified, and/or illegal search and seizure protectionistic rights I possess. Specifically, and most egregiously, Defendants herein allowed the court-appointed psychiatrist to egregiously exceed the very limited scope of his involvement and purpose in my case #12DR455. Through action and/or inaction, Defendants, herein, allowed (and thereby colluded with) the court-appointed psychiatrist to violate every protectionist measure in which I advocated concerning my court sanctioned psych. eval. at Respondents incessant request. Defendant violations ranged from temporal mandates, test/evaluation funding, authorized inclusions, private investigator unbeknownst inclusion and doc't theft/usage agst. me, inclusion of my dad in the psych. findings whom I had a criminal restraining order agst. at the time, Respondent having access to the findings + given a copy of it, etc. Respondent's P.C.P.O. agst. me made otherwise civil proceedings "criminal" in nature agst. me.

3. Factually, since I filed for Dissolution of Marriage on 4/3/12, I—as Petitioner—have:
• been illegally detained—temporally and circumstantially—from false accusations;
• been denied the opportunity to equitably and properly defend myself, including but not limited to evidentiary matters;
• repeatedly been denied enforcement concerning Respondent's very own Perm. Civ. Prot. Order agst. me to the severe detriment of myself and 2 minor kids;
• been denied law/court enforcement regarding nearly all of 12DR455's totality;
• been denied—repeatedly—the ability to properly defend myself; and
• been denied basic, foundational living and/or safety necessities;

**THIRD CLAIM FOR RELIEF**
**AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

1. Via the U.S. Constitution's Doctrine of Incorporation principle—whereby the 14th Amendment mandates Federal Constitution protective measures concerning State governments— Defendants, herein, have violated my Sixth Amendment protections and guarantees. Specifically, the U.S. Constitution reads, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence" (emphasis added). I know, understand, and/or concede that my case #12DR455 was purely civil in nature, but from 5/25/12, Defendants have treated me and my filing therefrom as "criminal" and me being "guilty until proven innocent" in direct controvention to foundationally and imperatively justice-preserving legal structure.

2. Factually, since I filed for Dissolution of Marriage on 4/3/12, I—as Petitioner—have:
- been denied fundamental protections re: life, liberty, and property;
- been falsely accused;
- been denied the opportunity to equitably and properly defend myself, including but not limited to evidentiary matter;
- repeatedly been denied enforcement concerning Respondent's very own Perm. Civ. Prot. Order agst me to the severe detriment of myself and 2 minor kids;
- been denied law/court enforcement regarding nearly all 12DR455's proceeding totality;
- been denied my right to petition the CODCDC for a hearing and/or other matters;
- been denied—repeatedly—the ability to properly defend myself;
- been denied impartial/unbiased #12DR455 proceedings;
- been denied my right to counsel virtually from #12DR455's inception due said case technically being filed as a "civil" proceeding, but in actuality handled in a "criminal" capacity; and
- been denied the right to have competent, honest, and impartial licensed individuals involved with a vast majority of 12DR455's proceedings.

# Fourth Claim for Relief

1. Via the U.S. Constitution's Doctrine of Incorporation principle—whereby the 14th Amendment mandates Federal Constitutional protective measures regarding state governments—Defendants, herein, have violated my Eighth Amendment guarantees and protections agst. cruel and unusual punishment. Specifically, the U.S. Constitution reads, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." (emphasis added). Again, my case #12DR455 should have been both in theory and practice purely civil in nature, but it was not. Virtually from my case #12DR455's inception, I have been treated—personally and procedurally—as a "criminal" who is "guilty until proven innocent."

2. Overarchingly, Defendants, herein, by and through the CO DCDC and Respondent, have advocated for, reached justifications for, and condemned (punished me, solely for circumstances created by their own personal choices/decisions/actions/inactions. Specifically, Defendants, herein, persisted in punishing/condemning me for my continued P.T.S.D., depression, and anxiety primarily associated with divorcing Respondent and having my children completely taken away from me on 5/25/12 to present while at the same time perpetuating and increasing my symptoms via permitting me no redemption, exonerating evidence admittance, counsel, adequate necessity support, etc. Additionally, all Defendants herein catered continually to Respondents advocacy for self-indigency while at the same time Respondent chose to live a lavish lifestyle (i.e., buy a house, buy an Acura MDX, go skiing, constantly buy our kids an overabundance, etc.) and Respondent chose to hire and retain counsel representation and through such chose to borrow money from both his mom and my father.

3. Factually, since I filed for Dissolution of Marriage on 4/3/12 I—as Petitioner—have:
• been denied any state court "finality" hearing, ruling, or otherwise following my 1st legitimate federal court filing on 1/4/13 in Case #12-CV-03309;
• been denied the opportunity to equitably and properly defend myself, including but not limited to evidentiary matters;
• been denied proper and legitimate subpoena enforcement;
• been denied enforcement of then-active Perm. Protection Order #C0182011C000376 agst my dad;
• had an unjustified, illegal, and too harshly punitive w/ no redemptive ability Perm. Civil Prot. Order taken out agst me on behalf of Respondent and my 2 minor kids;
• repeatedly been denied enforcement concerning Respondent's very own Perm. Civ. Prot. Order agst me to the severe detriment of myself and 2 minor kids;
• been denied law/court enforcement regarding nearly all 12DR455's proceeding entirety;
• been denied adherence concerning "Best Interests of the Child" standard;
• been denied my right to petition the CODCDC for a hearing and/or otherwise;
• been denied—repeatedly—the ability to properly defend myself;
• been denied impartial/unbiased #12DR455 proceedings;
• been unnecessarily exposed and/or victim to criminal activities, included but not limited to eviction, homelessness, repeated law breaches, rape, assault, etc. via action or inaction;
• been denied basic, foundational living necessities; and
• been denied basic and overall redemptive/reconciliatory action pursuant to substantiating evidence.

# Fifth Claim for Relief

1. Via the U.S. Constitution's Doctrine of Incorporation principle—whereby the 14th Amendment requires Federal Constitutional protections and guarantees regarding state governments— Defendants, herein, have violated my Fourteenth Amendment rights associated with Privileges and Immunities, Due Process, and Equal Protection concerning all facets of law. Specifically, the U.S. Constitution reads, "Section I. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (emphasis added).

2. Factually, of the utmost importance, controlling, and indicative evidence substantiating the absolute reversal and remanding of my case #12DR455 back to state court for dismissal and new proceeding initiation if chosen involves (hinges upon) my filed "Verified Motion to Dismiss— By Petitioner," dated and filed in the CO DCDC on 1/8/14. Upon my proper filing of said pleading on said date, the CO DCDC had no latitude whatsoever to deny my requests made therein and therefrom. The CO DCDC, and all Defendants, herein, via action and/or inaction by association therewith, not only improperly allowed Respondent's objection to the purely- Petitioner procedural right/privilege, but also further committed (knowingly) criminal illegalities in stating on the record that, QUOTE, "[.] his matter was filed as a co-petition, and [since] the co-petitioner objects to dismissal [,] [.] the request to dismiss is denied." My case was never filed and/or referenced as a "co-petition." My case #12DR455 has been contentious in nature from its inception, and all Defendants, herein, know this fact, plus the CO DCDC and all Defendants herein know, Darren "Jed" Hartmann as "Respondent," not "Co-Petitioner," in Case #12DR455. ^and reference my

3. Factually, since I filed for Dissolution of Marriage on 4/3/12, I—as Petitioner—have:
• been denied fundamental protections re: life, liberty, and property;
• been denied any state court "finality" hearing, ruling, or otherwise following my 1st legitimate federal court filing on 1/4/13 in case #12-CV-03309;
• been denied statutory Colorado Revised Statutes and CO Rules of Civil Procedure application of safeguards, mandates, and/or protections concerning criminal, evidentiary, and domestic related matters;
• been falsely accused;
• been illegally detained—temporally & circumstantially—from false accusations;
• had marital assets transferred, encumbered, disposed of, and/or subject to the possession of my dad in direct violation of Permanent Protection Order #C 0182011C 000376 and statutory law without my or the CO DCDC's prior consent;
• repeatedly been denied proper notice and/or service of process;
• been denied the opportunity equitably and properly defend myself, including but not limited to evidentiary matters;
• been denied proper and legitimate subpoena enforcement;
• been denied enforcement of then-active Perm. Protection Order #C 0182011C 000376 agst. my dad;
• had an unjustified, illegal, and too harshly punitive w/ no redemptive ability Perm. Civil Prot. Order taken out agst. me on behalf of Respondent and my 2 minor kids;
• repeatedly been denied enforcement concerning Respondent's very own Perm. Civ. Prot. Order agst. me to the severe detriment of myself and 2 minor kids;
• been denied law/court enforcement regarding the vast majority of 12DR455's entirety;
• been denied adherence to and protections concerning "Best Interests of the Child" standard
• been denied my right to petition the CO DCDC for a hearing, consideration, enforcement, and/or otherwise;
• been denied mandatory disclosures;
• been denied—repeatedly—the ability to properly defend myself;
• been denied impartial/unbiased and fair #12DR455 proceedings;
• been denied right to privacy;

- been denied Basic, foundational living and/or safety necessities;
- been denied my right to have a Judge of all future proceedings pursuant to proper motion filing;
- been denied my Petitioner-right to request setting of Permanent Orders Hearing in case #12DR455; and
- been forced to flee for my life after Respondent threatened it.

**REQUEST FOR RELIEF**

Plaintiff requests the following relief:

Due to all of the aforementioned, I respectfully ask this Court to accept my motion herein, address the U.S. Constitutional violations, and reverse and remand my case back to state court for reconsideration and/or refiling if opted. Additionally, I am requesting—for myself and 2 minor kids—monetary, punitive, injunctive, and otherwise deemed appropriate relief as a consequence of all the infractions herein. Due to "Fruit of the Poisonous Tree" Doctrine, at the very least, case #12DR455 should have been dismissed as of 1/8/13 pursuant to my "Verified Motion to Dismiss—By Petition."

Date: 4/21/15

(Plaintiff's Original Signature)

1040 Bush St. #207
(Street Address)

San Francisco, CA 94109
(City, State, ZIP)

415.902.2271
(Telephone Number)

| ☑️District Court ☐Juvenile Court<br>__Douglas__ County, Colorado<br>Court Address:<br>4000 Justice Way<br>Castle Rock, CO 80109<br>In re:<br>☑️The Marriage of:<br>☐The Civil Union of:<br>☑️Parental Responsibilities concerning: | ⌐<br>RECEIVED IN<br><br>JAN 0 8 2014<br><br>DOUGLAS COMBINED COURTS |
|---|---|
| Petitioner: Sara M. Hartmann<br>and<br>Co-Petitioner/Respondent: Darren "Jed" Hartmann | COURT USE ONLY |
| Attorney or Party Without Attorney (Name and Address):<br>Sara Hartmann<br>PO Box 1435<br>Castle Rock, CO 80104<br>Phone Number: 720-585-1584   E-mail: gkghf1@hotmail.com<br>FAX Number: none   Atty. Reg. #: none | Case Number: 12DR455<br><br>Division 6   Courtroom |

## VERIFIED MOTION TO DISMISS - BY PETITIONER

The Petitioner requests that the Court dismiss this case for the following reasons:

1. ☑️The Respondent has neither been served with, nor waived service of the Petition, or has not filed a response. (as of day cessation 1-7-14)

2. The Petitioner no longer desires to pursue this matter.

3. The Petitioner understands that this case will be dismissed and that no further action will be taken by the Court.

4. The Petitioner understands that in the event that a Dissolution of Marriage/Civil Union, Legal Separation (Marriage/Civil Union), Invalidity of Marriage/Civil Union, or Allocation of Parental Responsibilities (Decision-making and Parenting Time) action becomes necessary at any time in the future, a new case must be filed and the appropriate filing fees must be paid.

5. ☑️If applicable, the Petitioner requests that the hearing set on 4-1-14 (date) be vacated.

The Petitioner respectfully requests that this case be dismissed.

## VERIFICATION AND ACKNOWLEDGMENT

I swear/affirm under oath that I have read the foregoing Motion to Dismiss and that the statements set forth therein are true and correct to the best of my knowledge.

Date: 1-7-2014

_Sara M Hartmann_
Signature of Petitioner

800 Wolfensberger Rd
Address

Castle Rock CO 80109
City, State, Zip Code

or PO Box 1435 Castle Rock, CO 80104

720-585-1584

(Area Code) ~~Home~~ (cell) Telephone Number

303-688-8988

Area Code) Work Telephone Number

Subscribed and affirmed, or sworn to before me in the County of *Douglas*
State of *Colorado*, this *7* day of *Jan* 20 *14*

My Commission Expires: *1-13-2015*

Notary Public/Clerk

*[Notary seal: ZONIA BOWERS — NOTARY PUBLIC — STATE OF COLORADO]*

## CERTIFICATE OF SERVICE

I certify that on *1-8-14* (date) a true and accurate copy of the **Motion to Dismiss** was served on the other party by:

☐ Hand Delivery  ☐ E-filed  ☐ Faxed to this number _____ or

☑ by placing it in the United States mail, postage pre-paid, and addressed to the following:

To: *Darren "Jed" Hartmann*
*9984 Millrock Terrace*
*Parker CO 80134*

Your Signature

*Zonia M Hartmann*



**Zonia Bowers**
Regional Private Banker
NMLSR ID: 770114

**Regional Bank Private Banking**
MAC C7229-011
747 Genoa Way
Castle Rock, CO 80109
Tel:  303 814 7335
Fax:  303 660 5611
24 Hour Cust. Service: 800 742 4932

zonia.bowers@wellsfargo.com

| ☒ District Court ☐ Juvenile Court<br>Douglas County, Colorado<br>Court Address:<br>4000 Justice Way<br>Castle Rock, CO 80104 | |
|---|---|
| In re:<br>☒ The Marriage of:<br>☐ The Civil Union of:<br>☐ Parental Responsibilities concerning:<br>Sara M. Hartmann & Darren Jed Hartmann<br><br>Petitioner: Sara M. Hartmann<br><br>and<br><br>Co-Petitioner/Respondent: Darren Jed Hartmann | ▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Darren Jed Hartmann<br>9984 Millrock Terrace<br>Parker, Colorado 80134<br>Phone Number: 303-596-2525 E-mail: hartmann21@msn.com<br>FAX Number: N/A    Atty. Reg. #: N/A | Case Number:<br><br>12DR455<br><br><br>Division 6 Courtroom |
| **RESPONSE TO MOTION FOR:  VERIFIED MOTION TO DISMISS - BY PETITIONER** | |

I am the ☐ Petitioner ☒ Co-Petitioner/Respondent in this action.  I am requesting that:

respectfully, the Petitioner's Verified Motion to Dismiss be denied.


**My reasons are:**

I do not wish to dismiss the divorce proceedings and it would be an unnecessary financial burden to have to re-file a new divorce case, not to mention the amount of time and effort that has already been put forth in this current case.

Date: <u>1-17-14</u>

Darren Jed Hartmann
☐Petitioner or ☒Co-Petitioner/Respondent

<u>9984 Millrock Terrace</u>
Address
<u>Parker, Colorado 80134</u>
City, State, Zip Code
<u>303-596-2525</u>
(Area Code) Telephone Number (home and work)

## CERTIFICATE OF SERVICE

I certify that on <u>January 17, 2014</u> (date) the original was filed with the Court and a true and accurate copy of this **RESPONSE TO MOTION FOR** was served on the other party by:
☐Hand Delivery, ☐E-filed, ☐Faxed to this number:_____, or ☒by placing it in the United States mail, postage pre-paid, and addressed to the following:

To: <u>Sara M. Hartmann</u>

<u>PO Box 1435</u>

<u>Castle Rock, CO 80104</u>

Your signature



Douglas County Court
4000 Justice Way
Castle Rock CO 801097546 United States



SARA MELISSA HARTMANN
PO BOX 372275
DENVER CO 80237-6275                    30-1006

To:        Sara Melissa Hartmann

Subject:  Service of documents in 2012DR455.

You are being served with documents filed electronically through the
Integrated Colorado Courts E-Filing System (ICCES).  Please review the
following details concerning this service.

   • Court Location: Douglas County
   • Case Number: 2012DR455

   • Filing ID: N/A
   • Filed Document Title(s):
      • Order: Verified Motion to Dismiss by Petitioner
   • Submitted on Date/Time: Fri Jan 31 18:30:17 MST 2014
   • Submitted by Authorizing Organization:
   • Submitted by Authorizing Attorney: Douglas County  Court

If you have a question about the above listed case, please contact the court.
Information for all Colorado court locations is listed on the Colorado Judical Branch
website http://www.courts.state.co.us/Index.cfm.

| DISTRICT COURT, DOUGLAS COUNTY, COLORADO | |
|---|---|
| Court Address: | DATE FILED: January 31, 2014 |
| 4000 Justice Way, Castle Rock, CO, 80109-7546 | |
| **Petitioner(s)** SARA MELISSA HARTMANN | |
| and | |
| **Respondent(s)** DARREN JED HARTMANN | |
| | △ **COURT USE ONLY** △ |
| | Case Number: 2012DR455 |
| | Division: 6          Courtroom: |
| **Order: Verified Motion to Dismiss by Petitioner** | |

The motion/proposed order attached hereto: DENIED.

This matter was filed as a co-petition and the co-petitioner objects to dismissal. The request to dismiss is denied. The matter will proceed as scheduled on April 1, 2014.

Issue Date: 1/31/2014

*Michael Spear*

MICHAEL JAMES SPEAR
District Court Judge

Page 1 of 1

☑ District Court  ☐ Juvenile Court
__Douglas__ County, Colorado
Court Address:
4000 Justice Way
Castle Rock, CO 80109
In re:
☑ The Marriage of:
☐ The Civil Union of:
☑ Parental Responsibilities concerning:

Petitioner: Sara M. Hartmann
and
Co-Petitioner/Respondent: Darren "Jed" Hartmann

Attorney or Party Without Attorney (Name and Address):
Sara Hartmann
PO Box 1435
Castle Rock, CO 80104
Phone Number: 720-585-1384   E-mail: gkahf1@hotmail.com
FAX Number: none   Atty. Reg. #: none

IN THE
JUVENILE COURT
DOUGLAS COUNTY, CO

14 JAN -8  AM 10: 46

**COURT USE ONLY**

Case Number: 12DR455

Division: 6   Courtroom

## VERIFIED MOTION TO DISMISS - BY PETITIONER

**The Petitioner requests that the Court dismiss this case for the following reasons:**

1. ☑ The Respondent has neither been served with, nor waived service of the Petition, or has not filed a response. (as of day cessation 1-7-14)

2. The Petitioner no longer desires to pursue this matter.

3. The Petitioner understands that this case will be dismissed and that no further action will be taken by the Court.

4. The Petitioner understands that in the event that a Dissolution of Marriage/Civil Union, Legal Separation (Marriage/Civil Union), Invalidity of Marriage/Civil Union, or Allocation of Parental Responsibilities (Decision-making and Parenting Time) action becomes necessary at any time in the future, a new case must be filed and the appropriate filing fees must be paid.

5. ☑ If applicable, the Petitioner requests that the hearing set on __4-1-14__ (date) be vacated.

**The Petitioner respectfully requests that this case be dismissed.**

## VERIFICATION AND ACKNOWLEDGMENT

I swear/affirm under oath that I have read the foregoing Motion to Dismiss and that the statements set forth therein are true and correct to the best of my knowledge.

Date: __1-7-2014__

_Sara M Hartmann_
_____ Signature of Petitioner

__800 Wolfensberger Rd__
_____ Address

__Castle Rock, CO 80109__
_____ City, State, Zip Code

__(or) PO Box 1435 Castle Rock, CO 80104__

720-585-1584

(cell)
(Area Code) ~~Home~~ Telephone Number

303-688-8988

Area Code) Work Telephone Number

Subscribed and affirmed, or sworn to before me in the County of _Douglas_
State of _Colorado_ , this __7__ day of _Jan_ , 20 _14_

My Commission Expires: _1-13-2015_

Nowen
Notary Public/Clerk

## CERTIFICATE OF SERVICE

I certify that on _1-8-14_ (date) a true and accurate copy of the **Motion to Dismiss** was
served on the other party by:
☐ Hand Delivery ☐ E-filed ☐ Faxed to this number _____ or
☑ by placing it in the United States mail, postage pre-paid, and addressed to the following:

To: _Darren "Jed" Hartmann_
   _9984 Millrock Terrace_
   _Parker CO 80134_

Your Signature

_Jana M Hartmann_

1401310035 1382 30-1006

☐ Municipal Court ☒ County Court ☐ District Court ☐ Denver Juvenile ☐ Denver Probate
County Court, Douglas County, Colorado

Court Address: 4000 Justice Way

Castle Rock, CO. 801097546

Plaintiff/Petitioner: HARTMANN, SARA MELISSA
Address:

v.

Defendant/Respondent: FRANKLIN, LEWIS WYATT
Address: 4135 LIONS PAW STREET

CASTLE ROCK, CO. 80104

▲ **COURT USE ONLY** ▲
Case Number: C0182011C 000376

Division: FAC     Courtroom:

## PERMANENT CIVIL PROTECTION ORDER ISSUED PURSUANT TO §13-14-102, C.R.S.

| Full Name of Restrained Person<br>☐ Protected Person alleges Weapon involved | Date of Birth | Sex | Race | Weight | Height | Hair Color | Eye Color |
|---|---|---|---|---|---|---|---|
| FRANKLIN, LEWIS WYATT | 12/31/1949 | ☒M<br>☐F | W | 200 | 605 | BRO | HAZ |

| Full Name of Protected Person | Date of Birth | Sex | Race | Full Name of Protected Person | Date of Birth | Sex | Race |
|---|---|---|---|---|---|---|---|
| HARTMANN, WYATT JACOB | 7/05/2006 | M | W | HARTMANN, LAUREN NATALIE | 4/07/2008 | F | W |
| HARTMANN, SARA MELISSA | 4/05/1975 | F | W | | | | |
| | | | | | | | |
| | | | | | | | |

**The Court finds** that it has jurisdiction over the parties and the subject matter; that the Restrained Person was personally served and given reasonable notice and opportunity to be heard; that the Restrained Person constitutes a credible threat to the life and health of the Protected Persons named in this action; and sufficient cause exists for the issuance of a Civil Protection Order.

**The Court finds** that the Restrained Person ☐ is ☒ is not governed by the Brady Handgun Violence Prevention Act, 18 U.S.C. §922 (d)(8) and (g)(8).

> ## This Protection Order DOES NOT EXPIRE and only the Court can change this Order.
> A violation of a Protection Order is a crime and may be prosecuted as a misdemeanor, municipal ordinance violation, or a delinquent act (if committed by a juvenile) pursuant to §18-6-803.5, C.R.S., and municipal ordinance.

**The Court Orders that you, the Restrained Person,** shall not contact, harass, stalk, injure, intimidate, threaten, or molest the Protected Persons named in this action, or threaten, molest, injure, kill, take, transfer, encumber, conceal, or dispose of an anmimal owned, possessed, leased, kept, or held by any other party, a minor child of any other party, or otherwise violate this Order. You shall not use, attempt to use, or threaten to use physical force against the Protected Persons that would reasonably be expected to cause bodily injury. You shall not engage in any conduct that would place the Protected Persons in reasonable fear or bodily injury.

1. **Contact.**
    It is ordered that you, the Restrained Person, **shall have no contact of any kind** with the Protected Persons and you shall not attempt to contact said Protected Persons through any third person, except your attorney,
    ☒ **except as follows:**
    NO EXCEPTIONS

    _____

    _____
    _____
    _____

Case Name  HARTMANN, SARA MELISSA     v.  FRANKLIN, LEWIS WYATT        Case Number:  2011C 000376

## 2. Exclusion from Places.

**You must keep a distance of at least ___100 yards from the Protected Persons where ever they may be found.**

It is ordered that you be excluded from the following places and shall stay at least __100__ yards away from the following places: (Please specify the address(es) where the Protected Persons reside, work or attend school.)

☒ The Protected Person has requested that the address be omitted from the written order of the Court, including the Register of Actions.
☐ Home: _____
☐ Work: Name:_____   Address: _____
☒ School: Name: ADVENTURE CLUB PRESCHOOL___  Address: 2301 N WOODLANDS BLVD CASTLE ROCK___
☒ Other: CHERRY HILLS COMMUNITY CHURCH_____
☐ Exceptions: _____

## 3. Care and Control Provisions.

☐ It is in the best interest of the minor children that care and control of these children be awarded to _____ (name of person).
This temporary care and control order and all other issues concerning the children, including Parenting Time and Interim Decision-Making Responsibilities expires on _____ (date) not to exceed 120 days from this Order. All other provisions of this Order remain in full force and effect permanently.

This Order governs any other Orders concerning the care and control of said children. However, provisions in another Order concerning the children that do not conflict with this Order must be followed.

## 4. Issues Concerning Children. (Parenting Time and Decision-Making Responsibilities)

☐ Parenting Time is granted, expires on _____(date) and shall be as follows: _____

☐ Interim Decision-Making Responsibilities expires on _____ (date) and shall be as follows:
☐ _____ (name of person) shall have sole Decision-Making Responsibilities.
☐ The parties shall jointly share Decision-Making Responsibilities.
☐ Other as set forth in the "Other Provisions" section.
☐ Parenting Time and Decision-Making Responsibilities shall be as previously ordered by the _____ District Court, Case# _____

## 5. Other Provisions.

☐ A Temporary Injunction is hereby entered by this Court and is in effect until _____ (date) not to exceed 120 days after the issuance of this Order. This injunction restrains the Restrained Person from ceasing to make payments for mortgage or rent, insurance, utilities or related services, transportation, medical care, or child care when the Restrained Person has a prior existing duty or legal obligation to make such payments or from transferring, encumbering, concealing or in any way disposing of personal effects or real property, except in the usual course of business or for the necessities of life.
☐ The Restrained Person shall not possess and/or purchase a firearm, ammunition, or other weapon.
☒ The Court waives all fees and no fees for service should be assessed pursuant to §13-14-102(21)(b), C.R.S.
☐ Fees shall be paid by the ☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Arrangements for possession and care of an animal are as follows: _____

**Case Name** HARTMANN, SARA MELISSA   v. FRANKLIN, LEWIS WYATT   **Case Number:** 2011C 000376

☒ It is further ordered that:

RSP NOT ALLOWED AT CASTLE ROCK RECREATION CENTER MON T

UE WED THURS FRI FROM NOON TO 0400 PM

☐ This Permanent Protection Order is identical to the Temporary Protection Order and does not require service on the Restrained Person.

☐ This Permanent Protection Order is different from the Temporary Protection Order and requires service on the Restrained Person before its provisions become effective.

☒ Served Restrained Person in Open Court on  2/09/2012   (DATE).

By signing, I acknowledge receipt of this Order or ☐ Restrained Person is not present in courtroom.

_____   2/09/2012
Plaintiff/Petitioner                Date

_____   2/9/12
Defendant/Respondent               Date

_____   5-9-12
☐ Judge   ☒ Magistrate             Date
MOSCHETTI, FRANK ANTHONY
Print Name of Judicial Officer
I certify that this is a true and complete copy of the original order.

_____
Clerk                              Date

**Law Enforcement shall use all reasonable means to enforce this Protection Order.**

☑ District Court ☐ Juvenile Court
Douglas County, Colorado
Court Address:
4000 Justice Way
Castle Rock CO 80109

In re:
☑ The Marriage of:
☑ Parental Responsibilities concerning:

Petitioner: Sara M. Hartmann
and
Co-Petitioner/Respondent: Darren "Jed" Hartmann

▲  COURT USE ONLY  ▲

Attorney or Party Without Attorney (Name and Address):
Sara Hartmann
2294 Castlegate Dr. N. #213
Castle Rock CO 80108
Phone Number: 720-585 E-mail: akahf2@hotmail.com
FAX Number: None Atty. Reg. #: None - N/A

Case Number:
12DR455

Division _____ Courtroom _____

MOTION FOR Presiding Judge + Record Correction

I am the ☑ Petitioner ☐ Co-Petitioner/Respondent in this action. I am requesting that:

Henceforth, the Honorable Judge Christopher Cross reside over any and all proceedings regarding case #12DR455, please. Further I respectfully request the Record from Magistrate Moss' last hearing be corrected

My reasons are:

Ongoing State and Federal Constitution violations (see case #12-CV-03309-BNB Also, along with Magistrate Maschetti? and now Judge Slade, decreed law is not being enforced to protect me whatsoever and all the Magistrate's cannot even keep straight the fact that I am the "Petitioner," here—i.e. the one who filed for divorce

Date: 1-2-13

☑ Petitioner or ☐ Co-Petitioner/Respondent
_Sara M Hartmann_
Address 2294 Castlegate Dr. N. #213
City, State, Zip Code Castle Rock, CO 80108
(Area Code) Telephone Number (home and work) 720-585-1584

## CERTIFICATE OF SERVICE

I certify that on _____ (date) the original was filed with the Court and a true and accurate copy of this **MOTION** was served on the other party by:
☐ Hand Delivery, ☐ E-filed, ☐ Faxed to this number: _____, or ☑ by placing it in the United States mail, postage pre-paid, and addressed to the following:

To: Darren "Jed" Hartmann
8481 Bronze Lane
Highlands Ranch, CO 80126

_Sara M Hartmann_
Your signature

JDF 1314T   R7/00   MOTION FOR Presiding Judge + Record Correction   Page 1 of 2

✳ Please see corresponding attachments

✳ To date (1-2-13), I have not seen my Wyatt and Lauren in ~8 weeks; furthermore, I have not spoken with them on the phone in ~2 weeks, since today is the 1ST day I have activated a phone I had to solely buy.

Print Minute Orders     4/01/14     5:05 PM
District Court, Douglas County
Status:  RSID        PROG
Case #:  2012 DR 000455    Div/Room:  6    Type: Dissolution of Marriage
HARTMANN, SARA MELISSA and HARTMANN, DARREN JED

| FILE DATE | EVENT/FILING/PROCEEDING |
|---|---|
| 4/01/2014 | Minute Order (print) |

DATE FILED: April 2, 2014

JUDGE: MJS     CLERK: MJS     REPORTER: FTR
PERMANENT ORDERS HEARING
RPTR:  FTR
PRES:  PETITIONER PRE PRO SE; RESPONDENT PRES WITH ATTY C COOLEY.  ATTY PRES
UNDER LIMITED APPEARANCE.
PRELIMINARY MATTERS:  RESPONDENT'S MOTION FOR ADDITIONAL TIME TO PRESENT
TESTIMONY OF DR. GRENHART IS GRANTED.  DR. GRENHART PERMITTED TO TESTIFY ON
4/16/14 AT 1:30 P.M. BY TELEPHONE.  APPEARANCES OF THE PARTIES PERMITTED TO
OCCUR BY TELEPHONE IF NECESSARY.
PETITIONER CALLS DARREN HARTMANN; SARA HARTMANN (EX A, H, I, J, L, M (PGS
67-68), N (PG 74), AND Q.
RESPONDENT CALLS DARREN HARTMANN (EX R, S, T, U, V, K, M (ALL PAGES), N (ALL
PAGES), O, P)
RECESS AT 1705 AND MATTER CONTINUED TO 4/18/13 AT 1330.                    /MJS



PAGE     1

1404020099 0816 90-100

Douglas County Court
4000 Justice Way
Castle Rock CO 801097546 United States



SARA MELISSA HARTMANN
PO BOX 1435
CASTLE ROCK CO 80104                90-1002

**To:**      Sara Melissa Hartmann

**Subject:** Service of documents in 2012DR455.

You are being served with documents filed electronically through the
Integrated Colorado Courts E-Filing System (ICCES). Please review the
following details concerning this service.

- Court Location: Douglas County
- Case Number: 2012DR455

- Filing ID: N/A
- Filed Document Title(s):
  - MINUTE ORDER IS ADOPTED AND MADE AN ORDER OF THE COURT
- Submitted on Date/Time: Wed Apr 02 18:30:10 MDT 2014
- Submitted by Authorizing Organization:
- Submitted by Authorizing Attorney: Douglas County Court

If you have a question about the above listed case, please contact the court.
Information for all Colorado court locations is listed on the Colorado Judical Branch
website http://www.courts.state.co.us/Index.cfm.

| District Court, Douglas County, Colorado | |
|---|---|
| Court Address:   4000 Justice Way<br>                              Castle Rock, CO  80104 | DATE FILED: April 22, 2014<br>12: CASE NUMBER :<br>2012DR455 |
| In re the Marriage of:<br><br>Petitioner: SARA M. HARTMANN<br><br>And<br><br>Respondent:  DARREN HARTMANN | |
| | **COURT USE ONLY** |
| | Case Number:  12DR455<br><br>Division: 6 |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND PERMANENT ORDERS**

THIS MATTER came before the Court for a Permanent Orders Hearing on April 1 and 18, 2014. The Petitioner was present pro se. The Respondent was present pro se with his counsel of limited appearance, Caroline Cooley. The Court received testimony from Darren Hartmann, Sara Hartmann, and Richard Grenhart. The Court also received exhibits A, H, I, J, K, L, M, N, O, P, Q, R, S, T, U, and V. The Court takes judicial notice of the court file. The Court makes the following findings of fact and stipulations, conclusions of law, and enters the following ORDERS.

### FINDINGS OF FACT AND STIPULATIONS

1. The parties were married on June 18, 2004, in Estes Park, Colorado.

2. The Petitioner was employed when the parties married but left employment upon the birth of the children. Due to financial difficulties the Petitioner did re-enter the work force prior to the filing of the Petition.

3. Two children were born of the marriage:  Wyatt Jacob (date of birth July 5, 2006) and Lauren Natalie (date of birth April 7, 2008). Although the Petitioner made some comments questioning paternity in the June 6, 2012, hearing she testified that she made those comments under the pressure of the moment. She does not question paternity.

4. Various issues began to arise related to financial stresses and Petitioner's mental health issues. Petitioner sought counseling. Following an incident on a flight she was hospitalized for mental health issues in 2011. After the hospitalization there was another incident of anger in the marital home.

5.  On April 3, 2012, the Petitioner filed her Petition for Dissolution of Marriage. The Petitioner requested a restoration of name to Sara Melissa Franklin. She withdrew her request for restoration of name on April 18, 2014.

6.  Around this time the Petitioner sent an e-mail to a local television station complaining of her living situation. (Exhibit H.) She also aired these complaints through social media. (Exhibit I and J.)

7.  On April 26, 2012, the Respondent filed his Response to the Petition.

8.  On May 4, 2012, the Petitioner filed a Verified Motion and Affidavit for Citation for Contempt of Court. She alleged a violation of the domestic injunction that entered upon filing of the Petition. On May 8, 2012, the Court denied the request for issuance of the citation.

9.  Around May 17, 2012, the Petitioner notified her property manager that she would be participating in a community garage sale and that all of her proceeds from this sale should be donated to a charity. Around this time the property manager notified her that she was being evicted from the home in which she then resided. For some reason, the Court was copied on the eviction communications.

10. On May 25, 2012, the Respondent filed a Verified Motion for Civil Protection Order. He alleged domestic abuse and physical assault, threat, or other situation. He described an escalating mental health situation with the Petitioner which contained incidents of violence and threats. He requested protection for himself and the children. On May 25, 2012, the Court issued a temporary protection order and set the matter for hearing on June 6, 2012.

11. On May 28, 2012, Castle Rock police responded to the home at which the Respondent lived. The Respondent had called in a harassment complaint. The police had contact with the Petitioner. One of the officers described, in detail, his contact with Petitioner during the June 6 hearing and a transcript of that hearing was presented to the Court.

12. On June 1, 2012, the Respondent filed a Verified Emergency Motion to Suspend Parenting Time Pursuant to C.R.S. §14-10-129(4). Repeating information contained within his request for a protection order the Respondent requested Petitioner's parenting time be suspended until Petitioner complete a mental health evaluation and is found not to be a threat to herself or the children.

13. On June 4, 2012, the Petitioner filed a Verified Motion for Civil Protection Order. She alleged that she was the victim of sexual assault, unlawful sexual contact,

physical assault, threat, or "fraud and malfeasance, and illegal activities." She made various statements some of which were admittedly based upon her suspicions.

14. On June 6, 2012, the Court conducted a hearing on the restraining order issue and the restriction on parenting time. The Court denied the Petitioner's request for a protection order. The Court restricted Petitioner's parenting time. The Court required that all of Petitioner's parenting time be supervised. The Court did not require professional supervision if alternative supervisors could be arranged. The Court encouraged the Petitioner to seek mental health treatment but did not order that treatment although the Court indicated that there would be no increase in parenting time until Petitioner would undergo such treatment. The Respondent was awarded full custody and decision-making regarding the children. The Court entered a permanent protection order prohibiting Petitioner from having contact with Respondent and the children except for the supervised parenting time. A geographical restriction was also imposed.

15. On June 8, 2012, the Petitioner filed an "Emergency" Verified Motion and Affidavit for Citation for Contempt of Court. She alleged Respondent had violated the domestic injunction concerning property. The Court denied the issuance of the citation.

16. On June 8, 2012, the Petitioner filed an "Emergency Motion for Court Relief." The request was premised on the same allegations contained in the Verified Motion and Affidavit for Citation for Contempt of Court filed the same day. The Court denied the motion.

17. On June 18, 2012, the Petitioner filed a Verified Motion and Affidavit for Citation for Contempt of Court. The Petitioner alleged a failure on Respondent's part to provide financial disclosures. The Court denied the issuance of the citation.

18. On June 22, 2012, the Petitioner filed a Verified Motion and Affidavit for Citation for Contempt of Court. In an extremely disjointed and confusing pleading the Petitioner appeared to have made allegations related to Respondent's actions related to the marital estate. The Court denied the issuance of the citation.

19. On June 28, 2012, the Respondent filed a "Response Verified Motion and Affidavit for Citation for Contempt of Court." It is unclear which of Petitioner's multiple contempt motions he was responding to although he argued that he had not violated the domestic injunction.

20. On July 10, 2012, the magistrate presided over a temporary orders hearing. During proceedings the magistrate became concerned about Petitioner's ability to make

decisions for herself. A guardian ad litem, Susan Elkins, was appointed. The matter was continued to August 2, 2012.

21. On July 13, 2012, Petitioner filed a Verified Motion and Affidavit for Citation for Contempt of Court. In this lengthy pleading (35 pages) the Petitioner alleged a number of different "violations" of court orders. The Court denied the issuance of a citation and also reminded Petitioner that her guardian ad litem needed to be involved in the filing of any motions.

22. On July 18, 2012, Petitioner filed an "Emergency" Verified Motion and Affidavit for Citation for Contempt of Court. She again alleged violations related to the marital estate and Respondent's failure to "adequately support [her] basic needs." The Court denied the issuance of a citation and also reminded Petitioner that her guardian ad litem needed to be involved in the filing of any motions.

23. On August 2, 2012, the magistrate presided over a temporary orders hearing. The Petitioner agreed to a full psychological evaluation and a doctor was named, Dr. Broadbeck, to conduct the evaluation. The magistrate ordered interim maintenance of $1,200 per month. The temporary orders hearing was continued to allow completion of the evaluation.

24. On August 16, 2012, the parties submitted a stipulated maintenance, child support, and support order. The Court approved this stipulation on the same date as submitted. Respondent agreed to pay $1,633 per month in spousal maintenance. Taking into consideration the child support obligation of Petitioner ($880.53 per month) Respondent was to pay $752.47 per month to Petitioner.

25. On August 29, 2012, the magistrate conducted a telephone conference. Despite efforts the magistrate was unable to contact Petitioner. The magistrate received an update regarding the psychological evaluation and the visitation by Petitioner of the children.

26. On September 21, 2012, the Petitioner complained to police in Centennial, Colorado, that her sister, Susan Franklin, abused the youngest child. She provided a written statement to the police. No charges were ever filed.

27. On October 5, 2012, the magistrate conducted a telephone conference. The magistrate received an update regarding visitation. The magistrate also received information concerning the Petitioner taking her medication and ordered the Petitioner to continue with the medications. A further review was set.

28. On November 16, 2012, the Petitioner filed a Motion for Status Update and to Compel. She complained that Respondent was not paying her debts. The Court denied the request on December 9, 2012.

29. On November 28, 2012, the Petitioner filed a Motion to Modify or Dismiss Permanent Protection Order. She presented a number of issues and requested modification or dismissal of the permanent protection order. The Court denied the request on December 9, 2012.

30. On November 28, 2012, the Petitioner filed a Verified Motion and Affidavit for Citation for Contempt of Court. She again alleged that Respondent was encumbering the marital estate and refusing her contact with the children. The Court denied the request on December 9, 2012.

31. On November 28, 2012, the Petitioner filed a Motion for Appointment of Parenting Coordinator Pursuant to §14-10-128.1, C.R.S. The Court denied the request on December 9, 2012.

32. On November 28, 2012, the Petitioner filed a Motion for Appointment of a Child and Family Investigator Pursuant to §14-10-116.5, C.R.S. The Court denied the request on December 9, 2012.

33. On December 5, 2012, the Petitioner filed a Motion for Update. The pleading expanded the request the Petitioner made in the November 28, 2012, Verified Motion and Affidavit for Citation for Contempt of Court related to Respondent's actions concerning Petitioner's visitation with the children. The Court denied the request on December 9, 2012.

34. On December 9, 2012, the Petitioner solicited three individuals by e-mail to serve as parenting supervisors. (Exhibit L.)

35. On December 13, 2012, the magistrate conducted a status conference. There were problems noted with the psychological evaluation. A different evaluator, Dr. Rich Grenhart, was designated. Record was made that the Petitioner suffered from PostTraumatic Stress Disorder and was taking medications. The involvement of a Child and Family Investigator was deferred until the psychological evaluation could be completed. A further review was set.

36. On January 2, 2013, the Petitioner filed a Motion for Appointment of Legal Representative of the Child Pursuant to §14-10-116, C.R.S.

37. On January 2, 2013, the Petitioner filed a "Motion for Presiding Judge + Record Correction." It appears that the Petitioner believed that the magistrates involved in the case had violated various state and federal constitutional protections.

38. According to Petitioner she has filed a federal lawsuit concerning issues related to this case. No additional information was provided related to this situation other than a statement that the proceedings are in abeyance pending the outcome of this case.

39. On March 14, 2013, the magistrate presided over a telephone conference. At this conference the Petitioner agreed to permit the Court to review the psychological evaluation. Specific orders entered related to parenting-time with no change to the overall structure of the parenting-time. The Petitioner was ordered to comply with the recommendations in the evaluation. The evaluation was sealed.

40. Around this time, Dr. Grenhart prepared a four-page report based upon three days of examination. He recommended a reassessment of the Petitioner's medication regime, that Petitioner participate in regular psychotherapy, that parenting time remain supervised subject to sufficient observational data was gathered, and that Petitioner participate in parenting classes. (See below.)

41. On March 20, 2013, the Petitioner filed a Motion for Update. There were no requests made in this pleading. Despite this the Petitioner submitted a proposed Order which the Court denied.

42. On March 29, 2013, the Petitioner filed a Verified Motion to Modify DecisionMaking Responsibility Pursuant to §14-10-131, C.R.S. She claimed fraud upon the Court in the issuance of the protection order. She also claimed that Respondent had violated the law "at least 3 times between my divorce filing on 4-3-12 and 5-25-12."

43. On March 29, 2013, the Petitioner filed a Motion for Appointment of Legal Representative of the Child Pursuant to §14-10-116, C.R.S.

44. On March 29, 2013, the Petitioner filed to Dismiss Permanent Protection Order. She made legal argument related to the protection order.

45. On March 29, 2013, the Petitioner filed a Motion to Compel under C.R.C.P. 16.2. Without explaining why, Petitioner requested all financial information required pursuant to C.R.C.P. 16.2.

46. On March 29, 2013, the Petitioner filed a Motion for Appointment of a Child and Family Investigator Pursuant to §14-10-116.5, C.R.S.

47. On April 10, 2013, the Court conducted a telephone conference. The Court referred the Petitioner to pro se resources available through the judicial department.

48. On May 9, 2013, the Court issued a consolidated Order concerning all outstanding motions.

    a.  The Motion to Modify was denied.

    b.  The Motion for Appointment of Legal Representative was denied.

    c.  The Motion to Dismiss was denied.

    d.  The Motion to Compel was deemed moot with understanding that Respondent was going to provide C.R.C.P. 16.2 disclosures, if he had not done so already.

    e.  The Motion for Child and Family Investigator was denied.

43. On May 24, 2013, the Petitioner filed a Verified Motion and Affidavit for Citation for Contempt of Court. She alleged that Respondent violated the parenting-time orders of the Court. On May 31, 2013, the Court denied the issuance of the citation.

44. On June 11, 2013, the Petitioner filed a Motion for Request for Emergency Hearing. She complained of severe financial hardship and a lack of consistent visitation. These requests were denied.

45. On July 16, 2013, the Petitioner filed a "Motion for Dismissal and /or Modification of PCPO." She based her request on acts or inactions on the part of the Respondent. On August 18, 2013, the motion was denied.

46. On July 16, 2013, the Petitioner filed a Motion for Emergency Court Intervention and Support. She asked the Court for financial assistance. This motion was denied on July 18, 2013 and August 18, 2013.

47. On July 16, 2013, the Petitioner filed a Verified Motion and Affidavit for Citation for Contempt of Court. She alleged violations of the marital injunction. The motion was denied on August 18, 2013.

48. On August 26, 2013, the Petitioner filed a "Motion for Emergency injunction, hearing, and relief." She complained of financial difficulty but makes no specific request for any relief the Court could consider or grant. The Court denied the motion.

49. On September 20, 2013, the Petitioner filed a "Motion for Update." She noted some "suspicious activity" on a banking account.

50. Since November 2013, the Petitioner testified that she has been homeless.

51. On December 3, 2013, the Petitioner filed a "Motion for Update, Hearing, and Relief." She asked for a hearing to address her homelessness and her financial situation. The Court denied the request for hearing on January 3, 2014, and reminded the parties that the matter was set for April 1, 2014.

52. On January 8, 2014, the Petitioner filed a "Verified Motion to Dismiss – by Petitioner." She sought dismissal of this matter because, as she argued, the Respondent had not been served with the Petition nor waived service of the Petition or had not filed a response. She requested that the hearing on "4-1-14" be vacated.

53. On March 21, 2014, the Petitioner filed a "Motion for 2013 Fed. + CO Tax Filing." She references the magistrate's order of March 2013 and argues part of the orders related to tax filing issues. She asserts that Respondent had acted contrary to that order.

54. On March 21, 2014, the Petitioner filed a Verified Motion and Affidavit for Citation for Contempt of Court. She alleged Respondent violated the visitation orders of the Court. On March 24, 2014, the Court denied issuing the citation.

55. In her most recent Sworn Financial Statement (March 10, 2014), the Petitioner reports that she is unemployed and her only income is from spousal maintenance. She claims over $50,000 in unsecured debt. She has few assets.

56. In his most recent Sworn Financial Statement (March 13, 2014), the Respondent reports total monthly income of $6,365. He is paying $1,008.86 per month for child care. His largest asset is a pension, profit sharing, or retirement fund in the amount of $22,772.

57. During the pendency of the matter the Respondent has paid various amounts to assist Petitioner. These payments included some housing support and payment of some bills related to Petitioner's mental health treatment.

58. During the pendency of the matter the Respondent borrowed money from the Petitioner's father ($6,622.31). Respondent is willing to accept this debt.

59. During the pendency of the matter the Respondent borrowed money from his parents ($3,819.57). He is repaying this money to his parents at the rate of $176.80 per month. Respondent is willing to accept this debt.

60. In 2013, the Respondent received a small tax refund. In 2014, the Respondent received a greater tax refund.

61. During the pendency of the matter the Petitioner has not had consistent visitation with the children and the visitation has been restricted pursuant to Court order. From Respondent's perspective the Petitioner's relationship with the children has regressed. Respondent has received information from the children indicating that Petitioner was involving the children in the dissolution proceedings.

62. Before November 2013 the Petitioner had been living with her parents. Due to a "rift" between Petitioner and her parents, the Petitioner and the parents mutually agreed that she should no longer live at the parent's home.

63. Petitioner testified that she is in treatment with a mental health provider and is taking her medications. At one point she was hospitalized for eight days. Her therapy is not regular.

64. Other than the mandated parenting class associated with the dissolution action she has not sought any other parenting classes.

65. The Respondent presented the testimony of Richard F. Grenhart, Psy.D. He testified as to his involvement in this case and with the Petitioner. He gave a history of the events and examination leading up to the production of his Report of Psychological Evaluation (see above). He met with Petitioner, administered and interpreted tests, and met with various interested parties. He outlined and explained his recommendations.

   a. The thought disorder he observed was concerning and could be addressed with the applications of medication.

   b. Regular psychotherapy typically begins on a weekly basis and then transition as appropriate. This would be an on-going pursuit with a specific goal in mind. This highlights that medications alone would not be sufficient to address Petitioner's over-all issues. Application of medications alone would be an "oversimplification" of Petitioner's issues.

   c. Psychotherapy and medication and observational data would all be important to assure the children's safety. Highly emotionally stimulating situations, such as parenting, would be a difficulty for Petitioner. She has exhibited instances of misinterpreting information and reacting in an inappropriate fashion.

   d. Parenting classes are formalized and Petitioner has sufficient intellectual capacity to benefit from these parenting classes.

e. His recommendations are tied together and would all have to be addressed.

## CONCLUSIONS OF LAW

Issues related to **the division of marital property and marital debt** have been considered in light of §14-10-113, C.R.S.

**Maintenance**. There is a threshold requirement that must be met by the party seeking maintenance before the Court can consider an award of maintenance. The party must lack sufficient property to provide for his or her reasonable needs and he or she is unable to support himself or herself through appropriate employment. However, a maintenance award is not limited to satisfying the party's basic or survival needs. "Reasonable needs" depend upon the particular facts and circumstances of the parties' marriage. *See In re Marriage of Nordahl*, 834 P.2d 838 (Colo. App 1992). Section 14-10-114(4), C.R.S., defines various factors the Court should consider. The duration of any award of maintenance is left to the discretion of the Court. *In re Marriage of Fisher*, 931 P.2d 558 (Colo. App. 1996).

The elements of **parental responsibilities** include the determination of parenting time and the allocation of decision-making responsibilities. Section 14-10-124(1.5)(a) and (b), C.R.S. The Court must consider all factors set forth under these subsections.

Section 14-10-115, C.R.S., controls the Court's consideration of **child support.** The statute sets forth rebuttable presumptions concerning the establishment or modification of the amount of child support. The Court must determine the overnights the child spends with each parent and the income of the parents. The Court must apply any adjustments. Under §14-10115(8)(e), C.R.S., the Court may deviate from the statutory guidelines when application of the guidelines would result in an inequitable, unjust, or inappropriate outcome. In the event of a deviation the Court must provide written findings specifying the reasons for the deviation. *In re Marriage of Miller*, 790 P.2d 890 (Colo. App. 1990).

If a parent is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of potential income, unless the parent is physically or mentally incapacitated. Section 14-10-115(7)(a)(III)(B)(i), C.R.S., and *In re Marriage of Pote*, 847 P.2d 246 (Colo. App. 1993).

## PERMANENT ORDERS

The Court incorporates the Decree of Dissolution entered on April 18, 2014. The Court incorporates any Support Order.

The Court has to agree with Dr. Grenhart that Petitioner possesses a complex psychological make-up. The Court has seen evidence of problems in Petitioner's thought organization which results in episodes of poor judgment and emotional impulsivity. The Court

finds that Petitioner can be overwhelmed emotionally and then acts impulsively with a strong overlay of anger. Petitioner has tenuous impulse control and makes distorted interpretations of her environment. This is most strongly exhibited in her repeated arguments that the Respondent has not done enough to assist her since she initiated the dissolution action.

Both parties have debt. Respondent accepts responsibility for the debts he has listed in his Sworn Financial Statement. Based upon the tenuous employment situation of the Petitioner the Court credits Respondent for his offer and makes him responsible for the credit card debt, the auto loan for his vehicle, and the loans from the Hartmanns. The Petitioner shall be responsible for her individual debt including any medical and legal debt she has incurred since the inception of this case in April of 2012. The parties are also each solely and individually for any debt for legal fees related to bankruptcy proceedings.

The Petitioner is awarded sole ownership of the 2001 Honda Accord and the Respondent is awarded sole ownership of the 2004 Ford Expedition.

The Court acknowledges the return of a wedding band to Respondent from Petitioner which occurred after court proceedings on April 18, 2014.

The Respondent has not only made all maintenance payments since August of 2012 he has also assisted Petitioner in other ways as well. The Petitioner has not responded in an affirmative manner to this assistance and only requests more effort from Respondent. She makes no mutual promise to exert more effort to control those aspects of her life-situation which only she can control.

The Court will order spousal maintenance in this matter in an amount equal to the Petitioner's child support obligation. The Court therefore finds it necessary to impute income of $2,970 per month. The Court finds that although the Petitioner has some psychological difficulties she is capable of gainful employment. Based upon her level of education she should be able to obtain employment paying this amount per month. Under the statutory guidelines for maintenance the Court therefore orders Respondent to pay Petitioner $764 per month in **spousal maintenance.** The award is granted for an additional three years in the hopes that Petitioner will be able to stabilize her psychological issues and her employment situation. The Court has considered the length of the marriage (nearly eight years).

The Court uses the imputed income of Petitioner of $2,970 per month. The monthly income of Respondent is $6,365. The children have no overnights with Petitioner. The Respondent pays $87.17 per month in insurance costs for each child ($348.68 divided by four). The Court finds that Petitioner should pay Respondent $764.64 per month in **child support**. The Court offsets this amount by the amount of spousal maintenance and finds that the remaining 64 cents are *de minimis* and are excused.

The Respondent is granted sole **custody** and full **decision-making** responsibility. Supervised visitation is permitted but Respondent has the authority to approve any supervisor. If the visitations must be through a professional supervisor or agency, such as the Karlis center, the Petitioner shall be solely responsible for this cost. The Respondent may grant the Petitioner telephone or electronic contact with the children at his discretion. The Court is struck by the consideration the Respondent has shown to the Petitioner throughout this process despite the strain, both financially and mentally, this consideration has cost. The Court concludes he is motivated to act in the best interests of the child.

The Court cannot find that the Petitioner is not similarly motivated to act in the best interests of the children but finds that her personal interests place the children in the runner-up position in the competition for her time and attention. Until her interests are more in line with the Respondent's interests the Court believes it would not be in the best interests of the children to alter the Court's determinations. The Court strongly urges the Petitioner to follow the recommendations of Dr. Grenhart.

The Court retains its copy of the exhibits. The parties are notified of their rights to appeal. To initiate the process a Notice of Appeal must be filed pursuant to rule. If a Notice of Appeal is filed the parties are order to electronically load their exhibits into the court system within 7 days of the filing of the Notice of Appeal. The parties may gain access to the Court's copy to assist them in that process by contacting the clerk of the division. If no Notice of Appeal is filed or if no request for assistance is made the Court will destroy the exhibits.

SO ORDERED this 22nd day of April, 2014.

BY THE COURT:

MICHAEL SPEAR
District Court Judge

4-4-15—

<u>Index of filings re: 12DR455</u>

—<u>Federal Ct filings case #12-CV-03309-BNB</u>; 12/19/12 filing
w/ Mag. Boyd N. Boland, 1/4/13 filing w/ Sen. Judge Lewis T.
Babcock

① 8/25/11 HBHS "Medication Reconciliation Form" Dr. Newton
↳ evid. "no Psychiatric medications" prescribed upon release
↳ evid. 3 days there + 1 prior day at SkyRidge ⇒ involuntary
HBHS 8/22/11 ⓐ 1505 → 8/25/11 ⓑ 1120; SkyRidge 8/21/11 am-8/22/11

② P.C.P.O. §13-14-102 C.R.S. agst. Lewis Franklin, protecting
Petitioner, W & L Worsted out even though I threatened him to
— dated 2/9/12 via Mag. Frank Moschetti; #CC ①1820①①
                                                   ①①D346

③ "Parenting Plan" my written notes when Ⓡ & I sat down
in May 2012 and completed it cojointly. [The original
version upon which these cojoint notes were transcribed
went M.I.A. when I lived w/ my Sister, Susan &
disappeared from court recop. However, Ⓡ & I went to
Wells Fargo — our "marital" bank at that time — ¿ I
had the M.I.A Parenting Plan notarized... so evidence
of its existence does exist.

④ Invoice dated 5/9/12 from Data Medic's Computer Svc.
(751 Maleta Lane #101, CR, CO 80108. 3/503/9151
↳ evidencing Ⓡ (in his own handwriting + handling) pay'g
$250.78 for me not being able to access any files at all
+ virus scan

⑤ Evidence from U.S.P.S. employee (Route 57)—3/814/026/
— that "marital" mailbox was all of a sudden unopenable by
me beginning May 2012

⑥ Handwritten note from Ⓡ to me acknowledging me
not being able to access my personal files

⑦ Ⓡ's 4/26/12 ct date stamped, signed, & certified as
mailed said day ⊕ Response to Pet. for Diss. of Marriage
w/ corresponding envelope date stamped by U.S.P.S.
on 5/2/12. Ⓡ perjury