IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00847-GPG

SARA M. HARTMANN,

      Plaintiff,

v.

DOUGLAS COUNTY DISTRICT COURT,
TOWN OF CASTLE ROCK,
DOUGLAS COUNTY, CO.,
CASTLE ROCK POLICE DEPT.,
DOUGLAS COUNTY SHERIFF'S OFC.,
LITTLE POLICE DEPARTMENT,
ARAPAHOE COUNTY SHERIFF'S OFC., and
DOUGLAS COUNTY SCHOOL SYSTEM,

      Defendants.

---

ORDER OF DISMISSAL
ON REMAND

---

      This matter is before the Court on the remand entered by the United States Court

of Appeals for the Tenth Circuit (Tenth Circuit) in the instant action on December 30,

2015.   The Tenth Circuit reversed this Court's dismissal and remanded the case for

further proceedings.   The Court will address the Complaint as follows.

      Plaintiff Sara M. Hartmann has submitted a Complaint that is over 100 pages long,

including attachments, and names thirty-eight defendants.   Plaintiff challenges a divorce

decree entered on April 22, 2014, in State of Colorado Case No. 12DR455.   Compl.,

ECF No. 1, at 2.

Previously, Plaintiff filed a Complaint in this Court, *Hartmann v. Douglas County, Colo., et al.*, 12-cv-03309-LTB(D. Colo. Feb. 7, 2013), that also challenged the same divorce proceeding Plaintiff challenges in this action.   In Case No. 12-cv-03309-LTB, the court found that Plaintiff had a pending divorce proceeding in state court, which subjected her claims to dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).   *See* ECF No. 6 at 4.   The court also found that federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders and that Plaintiff did not allege "specific facts to show that the Douglas County Court proceedings do not offer her an adequate opportunity to litigate any federal constitutional issues."   *Id.*   The court dismissed Case No. 12-cv-03309-LTB for lack of subject matter jurisdiction.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.   The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings.   *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).   "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."   *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).   When a case is dismissed for lack of jurisdiction, the dismissal must be without prejudice.   *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006.)

In this case, under the jurisdiction section of the complaint form, Plaintiff states that she is asserting jurisdiction pursuant to the following statutory authorities:

(1) 28 U.S.C. § 1441 (*See Younger v. Harris*, 401 U.S. 37(1991); *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003))-based on CO state ct finality on 4/22/15 via filed "Findings of Fact, Conclusions of Law, and Permanent Orders;" (2) 28 U.S.C. 1331-federal

2

> "?" jurisdiction-b/c U.S. Constit'al matters exist; (3) standing based on *Bennet v. Spear*, 117 S. Ct. 1154, 1161 (1997).

ECF No. 1 at 2.   Plaintiff may assert jurisdiction in this Court pursuant to 28 U.S.C. § 1441 and to 28 U.S.C. § 1331.   The Court will discuss each of these statutory authorities below.

First, if Plaintiff intends to remove Case No. 12DR455 to this Court, pursuant to 28 U.S.C. § 1441, a notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."   28 U.S.C. § 1446(a).   "[T]here is a presumption against removal jurisdiction."   *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).   "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally."   *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005).   "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court."   *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

Defendant fails to provide a short and plain statement of the grounds that would support a removal to this Court or to attach all process, pleadings, and orders served upon her in the state action.   Plaintiff has submitted a few court documents, but she has not submitted all process, pleadings, and orders served upon her in the state action. *See* ECF No.1 at 27-38 (Plaintiff attached the final finding of facts, conclusions of law, and permanent orders entered in the Douglas County District Court that identifies a total of at least fifty pleadings and orders which were entered in Plaintiff's divorce proceedings, not

all of the orders and pleadings referred to in the court's order are provided by Plaintiff).

Furthermore, Plaintiff's contentions do not demonstrate that the Court would have had subject matter jurisdiction over this action if it had been filed originally in federal court. The Supreme Court has stated that " '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.' " *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (quoting *Ex Parte Burrus*, 136 U.S. 586, 593-94 (1890)).   Consequently, federal courts do not have diversity jurisdiction over divorce and alimony decrees and child custody orders, *Ankenbrandt*, 504 U.S. at 703; and, as discussed below, the *Rooker-Feldman* doctrine precludes a federal claim that is inextricably intertwined with a state court judgment.

Also, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."   *See Johnson*, 404 F.3d at 1247.   Finally, pursuant to 28 U.S.C. § 1441(a) defendants may remove a state court proceeding to this Court.   Plaintiff is not a defendant, or respondent, in her state divorce proceeding.   For these reasons, the Court finds that a basis for removal is deficient.   As a result, the instant action would be subject to a summary remand to the state court if this Court construed the action as a notice of removal.   *See* 28 U.S.C. § 1447(c).

Second, Plaintiff's federal question claims filed pursuant to 28 U.S.C. § 1331 are best construed as alleged violations of Plaintiff's constitutional rights.   Upon review of the Complaint, the Court finds that Plaintiff asserts her First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights have been violated.

4

Plaintiff contends that her First Amendment rights have been violated because

Defendants allowed a

> "court-appointed psychiatrist, who is an atheist (non-believer) to withhold [her] children from [her] and obstruct [her] parenting rights by deeming [her] Christian beliefs regarding praying and having faith in a God/Holy Trinity that I cannot concretely and definitively prove ever actually existed or exists concerning this World.   Defendants have violated my U.S. Constitutional right and freedom of Christian religious exercise by corroborating and condoning the aforementioned violative mentality/actions into law via my 4/22/14 Perm Orders Decree.

ECF No. 1 at 5.

Plaintiff further asserts that her Fourth Amendment rights have been violated

because

> "[t]hrough [her] case # 12DR455, all defendants herein, either directly or indirectly endorsed via government action and/or inaction the improper unjustified, and/or illegal search and seizure protectionistic rights I possess. Specifically, and most egregiously, Defendants herein allowed the court-appointed psychiatrist to egregiously exceed the very limited scope of his involvement and purpose in my case # 12DR455.   Through action and/or inaction, Defendants, herein, allowed (and there by colluded with) the court-appointed psychiatrist to violate every protectionist measure in which I advocated concerning by court sanctioned psych. eval. at Respondents [sic] incessant request.   Defendant violations ranged from temporal mandates, test/evaluation funding, authorized inclusions, private investigator unbeknownst inclusion and doc't theft/usage agst. me, inclusion of my dad in the psych. findings whom I had a criminal restraining order agst. at the time, Respondent having access to the findings + given a copy of it etc.   Respondent's PCPO agst. me made otherwise civil proceedings "criminal" in nature agst. me

*Id.* at 6.

Plaintiff also asserts that her Sixth Amendment rights have been violated

because

> "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and <u>public</u> <u>trial</u> . . . and to be <u>informed</u> of the <u>nature</u> <u>and</u> <u>cause</u> of the

accusation; to be <u>confronted</u> with the <u>witnesses</u> <u>against</u> <u>him</u>; <u>to</u> have <u>compulsory</u> <u>process</u> for <u>obtaining</u> <u>witnesses</u> <u>in</u> <u>his</u> <u>favor</u> <u>and</u> to have the <u>Assistance</u> of <u>Counsel</u> for <u>defence</u>." (emphasis added).   I know, understand, and/or concede that my case #12DR455 was purely civil in nature, but from 5/25/12, Defendants have treated me and my filing therefrom as "criminal" and me being "guilty until proven innocent" in direct contravention [sic] to foundationally and imperatively justice preserving legal structure.

*Id.* at 7.

Plaintiff further asserts that her Eighth Amendment rights have been violated

because

[a]gain, my case #12DR455 should have been both in theory and practice purely civil in nature, but it was not, Virtually from my case #12DR455's inception, I have been treated-personally and procedurally-as a "criminal" who is "guilty until proven innocent."

Overarchingly, Defendants, herein, by and through the CO DCDC and Respondent, have advocated for, reached justifications for, and condemned/punished me, solely, for circumstances created by <u>their</u> <u>own</u> personal choices/decisions/actions/inactions.   Specifically, Defendants, herein, persisted in punishing/condemning me for my continued P.T.S.D., depression, and anxiety primarily associated with divorcing Respondent <u>and</u> having my children completely taken away from me on 5/25/12 to present while at the same time perpetuating and increasing my symptoms via permitting me no redemption, exonerating evidence admittance, counsel, adequate necessity support, etc.   Additionally, all Defendants herein catered continually to Respondent's advocacy for self-indigency while at the same time Respondent chose to live a lavish lifestyle (i.e., buy a house, buy an Acura MDX, go skiing, constantly buy our kids an overabundance, etc.) and Respondent <u>chose</u> to <u>hire</u> and <u>retain</u> <u>counsel</u> <u>representation</u> and through such <u>chose</u> to borrow money from both his <u>mom</u> and my father.

*Id.* at 9.

Finally, Plaintiff asserts that her Fourteenth Amendment rights have been

violated because

the CO DCDC had no latitude whatsoever to deny my request made therein and therefrom.   The CO DCDC, and all Defendants, herein, via action and/or inaction by association therewith, not only improperly allowed Respondent's objection to the purely-Petitioner procedural right/privilege, but also further committed (knowingly) criminal illegalities in stating on the record in its denial that, QUOTE "[t]his matter was filed as a co-petition, and [since] the co-petitioner objects to dismissal [,] [t]he request to dismiss is denied."   My case was never filed and/or referenced as a "co-petition." My case #12DR455 has been contentious in nature from its inception, and all Defendants, herein, know this fact, plus the CO DCDC and all defendants herein know and reference Darren "Jed" Hartmann as "Respondent," not "Co-Petitioner," in my case #12DR455.

*Id.* at 9.

Throughout the Complaint, Plaintiff also sets forth a laundry list of alleged violations that were a result of her divorce proceedings.   She claims that she was (1) falsely accused; (2) denied opportunity to defend herself; (3) denied enforcement of the Permanent Civil Protection Order against herself; (4) denied law/court enforcement concerning the vast majority of proceedings; (5) denied her right to petition CO DCDC for a hearing; (6) denied her right to peacefully assemble on social media venues without court condemnation and punishment; (7) denied her right to express and possess Christian beliefs; (8) denied basic, fundamental living and or safety necessities; (9) denied the right to have competent, honest, and impartial licensed individuals involved with the 12DR455's proceedings; (10) exposed and/or victim to criminal activities, including eviction, homelessness, repeated law breaches, rape, assault, etc.; (11) illegally detained; (12) denied marital assets; (13) denied proper notice and/or service of process; (14) denied legitimate subpoena enforcement; (15) denied mandatory

disclosures; (16) denied a judge at all "future" proceedings; and (17) forced to flee for my life after Respondent threatened it.

*Id.* at 5-9.

Plaintiff's constitutional claims, which challenge the state court proceedings and final decision in her divorce case, are subject to dismissal for the following reasons.

The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment.   *See Feldman*, 460 U.S. at 482 n.16.   "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks."   *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004), *overruled in part on other grounds by Exxon Mobil Corp.*, 544 U.S. 280.   "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment."   *Crutchfield*, 389 F.3d at 1148.   Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts.   *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As part of her relief, Plaintiff is requesting that this Court reverse and remand her case back to the state court for reconsideration and/or refiling.   ECF No. 1 at 11.   She also seeks money damages.   *Id.*   Although Plaintiff alleges federal constitutional claims, the alleged conduct occurred in the course of Plaintiff's State of Colorado divorce proceedings.   Because Plaintiff seeks to undo or disrupt a state court judgment, and for Plaintiff to prevail this Court would have to review and reject the state court findings, the constitutional claims are inextricably intertwined with the Plaintiff's state divorce proceedings.   *See Mann v. Boatright,* 477 F.3d 1140, 1147 (10th Cir. 2007).   Plaintiff's claims, therefore, are clearly within the scope of the *Rooker-Feldman* doctrine.

For the reasons stated above, the Court will dismiss this action for lack of subject matter jurisdiction.   When a case is dismissed for lack of jurisdiction, the dismissal must be without prejudice.   *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal she must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   14th   day of   March   , 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court